(20 App. Div. 530.)

### TRYON et al. v. PLUMB.

(Supreme Court, Appellate Division, Third Department. October 1, 1897.)

SALE—BREACH OF WARRANTY.

Where apples are sold by sample, and delivered, and the purchaser neither returns nor offers to return on inspection, he cannot recover on the ground that the apples were not as warranted.

Appeal from Franklin county court.

Action by Luther R. Tryon and Fred L. Tryon against William H. Plumb to recover damages for breach of warranty in reference to a sale of a quantity of apples which plaintiff claimed to have purchased to be delivered at a future time, and to be of a certain kind, and sound in every respect, and that when they were delivered they were poor, and not worth one-third what they would have been if they were as represented. Judgment was rendered for plaintiffs, and defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

John P. Kellas, for appellant.
J. W. Webb, for respondents.

PUTNAM, J. After a careful review of the evidence contained in the case, we are of the opinion that the agreement under which the plaintiffs sought to maintain the action was an executory contract of sale. The apples the defendant agreed to deliver were not separated from other apples owned by him. Some of them were to be procured from other parties. At the time of making the contract, no designated apples were transferred to the plaintiffs, the defendant merely agreeing to furnish to them, from his own apples and those that he might procure, a certain quantity of apples of a designated quality.

The plaintiff Luther R. Tryon testified:

"I think these apples were to be delivered at North Bangor depot. My son was to superintend the barreling. We were to examine the apples as they were put in the barrel. The defendant said he thought he could buy some from his neighbors, and fill out the contract. These apples were to be paid for when they were delivered."

The plaintiff Fred L. Tryon testified:

"He [the defendant] picked out a sample of the apples as they would average,—different kinds of apples. I took the sample to Moira. Q. Were the apples sold by the sample? A. Yes, sir. He said the apples would be like those samples. This was before the apples were delivered. He said those samples would be the kind he would pick out for us. He said that he would get the apples sorted, so that we could come down and get them the last of the week or the first of the next week following."

Under the principles settled in Mason v. Smith (Sup.) 8 N. Y. Supp. 301, and the authorities cited in the opinion of Landon, J., in the case, the plaintiffs, not having returned or offered to return the apples, were not entitled to recover. In the case cited the plaintiff had agreed to sell to the defendant a bill of gloves of the quality of samples shown. The defendant received and did not return the goods when delivered. It was held no defense that the said goods did not correspond with the samples; that the defendant, if the goods as delivered were not those he agreed to purchase, should have refused to receive them. See, also, Iron Co. v. Pope, 108 N. Y. 232, 15 N. E. 335. It may be said that in the contract passed upon in Mason v. Smith the gloves were to be manufactured, or imported after the making of the contract; while in the case under consideration the agreement was to sell apples then, in part, at least, in

the possession of the defendant. But the apples were not separated from other apples owned by the defendant, and a portion agreed to be delivered were to be procured from other parties. Hence we think the principle of the cases cited applies, and that the judgment and order should be reversed, and a new trial granted, costs to abide the event. All concur.